IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>STEVENS TRANSPORT, INC.<br><br>     Defendant. | CIVIL ACTION NO. 3:21-cv-2272<br><br><br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Larry Gandy, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-22 below, the Equal Employment Opportunity Commission (the "Commission") alleges that Stevens Transport, Inc. ("Defendant") discriminated against Gandy in violation of the Americans with Disabilities Act, as amended, by refusing to hire him because of his disability, hypertension, and because it regarded him as disabled. The Commission further alleges that the Defendant violated the ADA when it made an unlawful pre-employment disability-related inquiry of Gandy during the interview process.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12117(a), which

COMPLAINT
Page 1

incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, as amended, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been doing business in the State of Texas and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Larry Gandy filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA by Defendant.

8. On or about August 18, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission,

11. On or about August 31, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least August 2019, Defendant has engaged in unlawful employment practices in violation of in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, the Defendant discriminated against Larry Gandy by refusing to hire him because of his disability, hypertension, in violation of 42 U.S.C. § 12112(a), as amended.

14. The Defendant made an unlawful disability-related inquiry of Gandy during his job interview, in violation of 42 U.S.C. §12112(d)(2).

15. Larry Gandy is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Gandy has had an impairment, hypertension, that substantially limits him in the major life activity of seeing and

also substantially limits the operation of his circulatory system. Defendant also regarded Gandy as having a disability by failing to hire him because of an actual or perceived impairment, including but not limited to hypertension.

16. Gandy applied to work for Defendant as a recruiter/verifier in or around August 2019. He was subsequently contacted by one of Defendant's recruiters and brought in for an interview.

17. Gandy was interviewed by two of Defendant's employees. During one of those interviews, he was asked why he had a gap in employment on his resume and whether that gap was for a medical reason. Gandy explained that he began suffering from hypertension in a previous job, which caused him to take medical leave from that job and ultimately resign. He also informed the interviewer, an employee of the Defendant, that he took additional time off after his resignation to stabilize his hypertension.

18. Gandy did not receive a call back from Defendant after his interview. But Gandy was later contacted by the recruiter with whom he had spoken prior to his interview, who told Gandy that the Defendant had not hired him because he disclosed during the interview that he had taken medical leave in a previous job.

19. This former recruiter for the Defendant had been supervised by the Defendant's Vice President of Driver Resources, Angela Horowitz. Horowitz recommended that Gandy be interviewed for the recruiter/verifier position based on Gandy's qualifications, and Horowitz subsequently interviewed Gandy.

20. Following Gandy's interview, Horowitz confronted the recruiter and stated that no applicant should be brought in for interview if they have a history of taking medical leave at previous jobs.

21. Defendant engaged in unlawful employment practices in violation of the ADA when Larry Gandy was asked during his job interview whether a gap in his employment reflected on his resume was for a medical reason.

22. Defendant also violated the ADA when it refused to hire Larry Gandy because of his disability and/or because it regarded him as disabled.

23. The effect of the practices complained of in paragraphs 13-22 above has been to deprive Larry Gandy of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

24. The unlawful employment practices complained of in paragraphs 13-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 13-22 above were done with malice or with reckless indifference to the federally protected rights of Larry Gandy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones discrimination or harassment because of disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Larry Gandy, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement of Larry Gandy or front pay in lieu thereof.

D. Order the Defendant to make whole Larry Gandy by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-22 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order the Defendant to make whole Larry Gandy by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 13-22 above, in amounts to be determined at trial.

F. Order the Defendant to pay Larry Gandy punitive damages for engaging in discriminatory practices with malice or reckless indifference to Larry Gandy's federally protected rights, as described in paragraphs 13-22 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**COMPLAINT**
Page 6

GWENDOLYN YOUNG REAMS
Acting General Counsel

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas Bar No. 14009470

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Senior Trial Attorney
Texas Bar No. 24105277

ALEXA LANG
Trial Attorney
Texas Bar No. 24105356

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**