IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| STEVENS TRANSPORT, INC. | § § | 3:21-CV-2272-D |
| Defendant. | § § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, Stevens Transport, Inc. ("Stevens" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 3:21-cv-2272-D. EEOC initiated its lawsuit under Title I of the American with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Larry Gandy, who may have been adversely affected by such practices (the "Lawsuit"). More specifically, Plaintiff EEOC filed the Lawsuit alleging that the Defendant failed or refused to hire Mr. Gandy, a qualified individual with a disability, because of his disability and because it regarded him as disabled. The Commission further alleged in the Lawsuit that Defendant violated the ADA when it made an unlawful pre-employment disability-related inquiry of Gandy during the hiring process.

Defendant denies it violated the ADA, denies it violated Larry Gandy's rights under the

ADA, denies it engaged in any unlawful employment practice in not hiring Larry Gandy and had legitimate non-discriminatory reasons why it hired other candidates over Larry Gandy.

The parties desire to compromise and settle their dispute. Without admission of fault and for the sole purpose of ending litigation, the parties desire to enter into this Consent Decree (the "Consent Decree") to provide for certain payments in full and complete discharge of all claims and allegations raised in EEOC Charge No. 450-2020-03212 and the Complaint filed by the EEOC in this case.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. The EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2.  This Consent Decree resolves all issues raised in the Lawsuit. Plaintiff waives further litigation of all issues raised in the Lawsuit, or that could have been raised in the Lawsuit arising out of Larry Gandy's charge of discrimination. The EEOC expressly reserves its right to process and litigate any other charges which may now be pending, or which may in the future be filed against Defendant.

3.   During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, are enjoined from any employment practice that discriminates on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended. Defendant further agrees not to retaliate against any person in violation of the ADA.

4.   The duration of this Consent Decree shall be three (3) years from its effective date.

5.   The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Claims or charges of discrimination filed against the Defendant Stevens Transport, Inc. after the effective date of this Consent Decree, which raise the same or similar issues underlying this civil action will be considered on their own merit by the EEOC in determining Defendant's compliance with this Consent Decree. The EEOC will not presume non-compliance by the mere filing of a charge by applicants or employees of the Defendant in the future if such charges raise bases or issues unrelated to the claims that are the subject of this civil action. Rather, additional claims or charges filed after the effective date of this Consent Decree will be handled in accordance with the following:

   a. If the EEOC has reason to believe that Defendant has not complied with any term of this Consent Decree, it shall provide written notice of the alleged non-compliance within thirty (30) days following the discovery of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall include the Section(s) and

Paragraph(s) of this Consent Decree alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance.

b. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant.

c. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Agreement with respect to the alleged violation in the United States District Court.

d. If the alleged violation is cured, the three-year period of this Consent Decree will not be tolled. However, if the alleged violation is not cured after the above-detailed notice process, the three-year term of this Agreement will be tolled as of the date the violation occurred for the period of time it takes for the matter to be resolved by the court.

6.   Defendant agrees to pay to Larry Gandy the full and final sum of $75,000.00 in compromise and satisfaction of all claims including lost wages and other monetary damages recoverable under 42 U.S.C. 1981(a) of the Civil Rights Act of 1991. Of the total sum to be paid, $16,884.41 shall be allocated for the settlement of back pay which is subject to legal deductions and withholding. This portion of the overall payment will be accompanied by a W-2 Wage and Tax Statement IRS Form. The remaining balance of $58,115.59 to be paid to Mr. Gandy as non-wage damages will not be subject to payroll deductions and will be accompanied by a 1099 IRS

Form. The checks shall be sent to Larry Gandy, 14319 CR 622, Farmersville, TX 75442. A copy of the settlement checks and any accompanying transmittal documents will be sent to EEOC Trial Attorney Meaghan Kuelbs at meaghan.kuelbs@eeoc.gov. The payments herein shall be made within 30 days after the effective date of this Consent Decree.

7. Defendant shall post the notice attached to this Consent Decree as "**Exhibit A**" regarding its policy against disability discrimination, and its duty to accommodate applicants and employees. A copy of "**Exhibit A**" shall be displayed on all bulletin boards at Stevens Transport, Inc.'s Dallas, Texas facility where notices to employees are posted in the ordinary course of business. This notice shall remain posted for the duration of this Consent Decree. The notice shall be posted within ten (10) days of the effective date of this Consent Decree.

8. While the Consent Decree is in effect, Defendant agrees to conduct annual training for Stevens' corporate recruiting department (not driver recruiters) who recruit for Stevens' office position ("Employees"). The training of these Employees shall advise them of the requirements and prohibitions of the ADA, as well as Stevens' procedure for reporting discrimination complaints. The training will include a specific discussion about legality of disability-related questions at each stage of the hiring process, and they will be expressly told that an applicant may not be asked about their use of medical leave including but not limited to leave under the Family and Medical Leave Act (FMLA) during the recruitment and/or interview process. All employees will be paid their normal rate of pay for these training sessions, and the training will occur during their normally scheduled workdays and work hours at Stevens Transport, Inc.'s headquarters in Dallas, TX. The training shall be at least one hour in duration. The Defendant will bear all costs associated with these training sessions.

9. Before the date scheduled for the training described in paragraph 8, Defendant shall furnish to EEOC a written report describing the training, identifying the instructor(s), and describing all instructors' qualifications to conduct the training. Within thirty days of the training described in paragraph 8, Defendant will send the EEOC a written verification that the training was completed.

10. All persons attending the training described in paragraph 8 shall acknowledge their attendance at that training by signing an attendance form. Defendant shall provide the EEOC with a copy of the attendance form within thirty (30) days of each training.

11. Defendant agrees that it will not: (a) ask any applicant for any position about their prior use of medical leave, including but not limited to leave taken under the FMLA; and that it will not b) screen out applicants based on their prior use of medical leave, including but not limited to leave taken under the FMLA. Defendant will communicate these changes to affected Employees within thirty (30) days of the effective date of this Consent Decree and for any new hires in the affected group of Employees, within thirty (30) days of hire. Defendant shall certify in writing to the EEOC within forty-five (45) days of the effective date of this Consent Decree that the requirements of this Paragraph have been met.

12. Defendant will, within thirty (30) days of the effective date of this Consent Decree, send a written report to the EEOC confirming that **Exhibit "A"** was posted in compliance with this Consent Decree.

13. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraphs above, Defendant shall, as applicable

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

      b.     Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

14.     All reports to the EEOC required by this Consent Decree shall be sent by email to Meaghan Kuelbs (meaghan.kuelbs@eeoc.gov)

15.     The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

16.     The EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Consent Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court

17.     Each party shall bear its own costs, including attorney fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

                                    FOR THE PLAINTIFF EQUAL
                                    EMPLOYMENT OPPORTUNITY
                                    COMMISSION:

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

CONSENT DECREE                                                                                 7

MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas Bar No. 24105277

Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202

(TEL) (972) 918-3611
(FAX) (214) 253-2749

FOR THE DEFENDANT STEVENS TRANSPORT, INC.

*[signature]*

Bruce L. Dean
General Counsel
Texas Bar No. 05623590

STEVENS TRANSPORT, INC.
9757 Military Pkwy.
Dallas, Texas 75227
Tel No. (214) 647-3752
Fax No. (972) 289-2187

SO ORDERED.
Signed this ___ day of March 2022.

_____
HON. SIDNEY A FITZWATER
UNITED STATES DISTRICT COURT

# Exhibit A

### NOTICE TO ALL EMPLOYEES

### THIS NOTICE IS BEING POSTED PURSUANT TO AN AGREEMENT BETWEEN STEVENS TRANSPORT, INC. AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

Federal law also prohibits an employer from discriminating against qualified applicants and employees on the basis of disability. Under the Americans With Disabilities Act ("ADA"), an individual with a disability is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

| | | | |
|---|---|---|---|
| * | application | * | promotion |
| * | testing | * | medical examinations |
| * | hiring | * | layoff/recall |
| * | assignments | * | termination |
| * | evaluation | * | compensation |
| * | disciplinary actions | * | leave |

It is the policy of Stevens Transport, Inc. that harassment of employees with disabilities is strictly prohibited, as it undermines the integrity of the employment relationship.

Furthermore, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless that employer can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- Leave;
- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Job restructuring;
- Modifying a work schedule;
- Reassignment to a vacant position;
- Acquiring or modifying equipment or devices; and,
- Providing qualified readers or sign language interpreters.

It is Stevens Transport, Inc.'s policy that applicants **may not be asked** about their prior use of medical leave (including but not limited to leave taken under the Family and Medical Leave Act (FMLA)). Stevens Transport, Inc. affirms that it is a violation under the ADA to screen out applicants based on their prior use of medical leave (including but not limited to leave taken under the FMLA).

Each supervisor has a responsibility to maintain a workplace free of discrimination. This duty includes discussing Stevens Transport, Inc.'s anti-discrimination policy with all employees and assuring them that they will not endure unequal treatment because of their race, color, sex, national origin, religion, age or disability, and reporting incidents involving discrimination. It also prohibits basing hiring and/or termination decisions on a person's race, color, sex, national origin, religion, age or disability, or because a person has complained of discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited.

An employee can, and is encouraged to, report allegations of discrimination in the workplace. An employee may do so by notifying Stevens Transport, Inc.'s Human Resources Manager at 972-216-9000, ext. 1315. Employees who do not wish to notify the Human Resources Manager may instead report to any supervisor or manager. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify the Human Resources Manager or the company's General Counsel at 972-216-9000 ext. 1312. An employee, either alternatively or in addition to reporting such an allegation to Stevens Transport, Inc.'s management, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (972) 918-3649.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, be taken against any person(s) found to have engaged insuch conduct.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF THREE (3) YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

_____
Date

_____
Stevens Transport, Inc.